UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EVELYN DAVIDSON,

        Plaintiff,

    vs.

CARL KORMAN, et al.,

        Defendants.

Case No:  C 09-1695  SBA

**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS**

[Docket No. 17]

      The parties are presently before the Court on Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(3) (improper venue) and 12(b)(1) (lack of subject matter jurisdiction).   (Docket No. 17.)  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS-IN-PART the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

## I.  BACKGROUND

      Plaintiff filed this *pro se* employment discrimination action on April 17, 2009, arising out of her employment as an attorney for the Army Corps of Engineers in Sacramento, California.  Plaintiff's complaint sets forth a variety of federal, state, and common law claims against Peter Geren, as Secretary of the United States Army, and Carl Korman, Plaintiff's supervisor at the Army Corps' Legal Department in Sacramento.  The gravamen of Plaintiff's complaint is that Defendants retaliated against her for challenging unlawful racial discrimination and attorney incompetence in her department.  She asserts the following claims: (1) unlawful discrimination based on retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, California Labor Code § 1102.5, California Government Code § 12940(h), and 29 C.F.R. § 1614; (2) unlawful interference with attorney ethics rules; (3)

1 violation of due process; (4) tortious discharge contrary to fundamental public policy; (5)

2 breach of implied covenant of good faith and fair dealing; (6) fraud; and (7) intentional

3 interference with contractual relations.

4     The events alleged in Plaintiff's complaint took place in the Army Corps' Legal

5 Department in Sacramento, California, where Plaintiff worked as an attorney from June 26,

6 2006 through March 9, 2007.  (Complaint, ¶¶ 1, 3, 8, 10-24) (Dabel Decl., ¶ 3).  All

7 employment records relating to Plaintiff's claims are located in Sacramento.  (Dabel Decl., ¶

8 4.)  Official personnel files for current employees of the Sacramento District are maintained by

9 the Civilian Human Resources Agency, West Region Processing Center, in Fort Huachuca,

10 Arizona.  (Id., ¶ 5.)  Official personnel files for former employees are stored and maintained in

11 the National Personnel Records Center in St. Louis, Missouri.  (Id.)

12     Defendants now move for an order dismissing Plaintiff's Title VII claim for improper

13 venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, transferring the

14 Title VII claim to the Eastern District of California.  Defendants also seek dismissal of the

15 remainder of Plaintiff's claims for lack of subject matter jurisdiction under Federal Rule of

16 Civil Procedure 12(b)(1).[1]

17 **II.**    **LEGAL STANDARDS**

18       **1.**    **Federal Rule of Civil Procedure 12(b)(3)**

19     The defense of improper venue may be raised by motion pursuant to Federal Rule of

20 Civil Procedure 12(b)(3).  Once venue is challenged, plaintiff bears the burden of showing that

21 venue is proper.  Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.

22 1979).  A motion under Rule 12(b)(3) does not require that the pleadings be accepted as true.

23 

24 [1] Lastly, Defendants move to dismiss Defendant Carl Korman from this action, on the ground that he is not the proper defendant in a Title VII action.  "In a Title VII action, the proper defendant is the head of the department, agency, or unit, as appropriate."  Sommatino v. United States, 255 F.3d 704, 707 n.1 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)).  However, Defendants have not provided sufficient information regarding Mr. Korman for this Court to determine if he can properly be considered a "head of the department, agency, or unit."  In her Complaint, Plaintiff alleges that Mr. Korman "is the head attorney, the 'District Counsel,' of the Sacramento Corps Legal Department."  (Complaint, ¶ 5.)  Therefore, Defendants' motion in this regard is DENIED.

1   <u>Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320, 324 (9th Cir. 1996).  Thus, the court is

2   permitted to consider facts outside of the pleading on the issue of venue.  <u>Id</u>.

3          If the court determines that venue is improper, it may dismiss the case, or, if it is in the

4   interest of justice, transfer it to any district in which it properly could have been brought.  28

5   U.S.C. § 1406(a); <u>Dist. No. 1, Pac. Coast Dist. v. State of Alaska</u>, 682 F.2d 797, 799 (9th Cir.

6   1982).  The decision to transfer rests in the discretion of the district court.  <u>King v. Russell</u>, 963

7   F.2d 1301, 1304 (9th Cir. 1992).

8                          **2.       Title VII Venue Provision**

9          With respect to Plaintiff's Title VII claim, actions under that statute are subject to the

10  following venue provision:

11          Such an action may be brought in any judicial district in the State in which the
            unlawful employment practice is alleged to have been committed, in the judicial
12          district in which the employment records relevant to such practice are
            maintained and administered, or in the judicial district in which the aggrieved
13          person would have worked but for the alleged unlawful employment practice,
            but if the respondent is not found within any such district, such an action may be
14          brought within the judicial district in which the respondent has his principal
            office.
15

16  42 U.S.C. § 2000e-5(f)(3).  This venue provision is mandatory.  <u>Johnson v. Payless Drug</u>

17  <u>Stores Northwest, Inc.</u>, 950 F.2d 586, 588 (9th Cir. 1991).  In general, the effect of Title VII's

18  venue provision is to allow suit in the judicial district in which the plaintiff worked or would

19  have worked.  <u>Passantino v. Johnson & Johnson Consumer Products, Inc.</u>, 212 F.3d 493, 504 -

20  505 (9th Cir. 2000).

21                         **3.       Federal Rule of Civil Procedure 12(b)(1)**

22         Defendants have moved to dismiss Plaintiff's non-Title VII claims for lack of subject

23  matter jurisdiction, under Rule 12(b)(1), on the following grounds:  Title VII and/or the Civil

24  Service Reform Act ("CSRA") preempt Plaintiff's employment-related claims, and the Federal

25  Tort Claims Act ("FTCA") preempts Plaintiff's tort claims.  <u>See e.g.</u>, <u>Saul v. United States</u>, 928

26  F.2d 829, 832 (9th Cir. 1991) (recognizing that preemption based on the CSRA and FTCA

27  deprives a federal court of subject matter jurisdiction over preempted claims).

28         Defendants' Rule 12(b)(1) motion is a "facial" motion, in that it relies exclusively on

1  the factual allegations of Plaintiff's Complaint.  See Doe v. Holy See, 557 F.3d 1066, 1073 (9th

2  Cir. 2009).  In considering a facial Rule 12(b)(1) motion, the court assumes a plaintiff's factual

3  allegations to be true and draws all reasonable inferences in plaintiff's favor.  Id.  The burden

4  of establishing the subject matter jurisdiction rests upon the party asserting jurisdiction.

5  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).[2]

6  **III.   DISCUSSION**

7      **A.   DEFENDANTS' MOTION TO DISMISS OR TRANSFER PLAINTIFF'S TITLE VII**

8          **CLAIM (FIRST CLAIM)**

9          **1.   This District Is Not the Proper Venue for Plaintiff's Title VII Claim**

10  Defendants contend that, under 42 U.S.C. § 2000e-5(f)(3), this district is not the

11  appropriate venue for Plaintiff's Title VII claim.  Defendants explain that the unlawful

12  employment practices alleged by Plaintiff occurred in Sacramento, which is in the Eastern

13  District of California.  Defendants also note that the employment and personnel records

14  relevant to the alleged unlawful employment practices are maintained in Sacramento, as well as

15  in St. Louis, Missouri.  As Defendants point out, neither of these cities are located within the

16  Northern District of California.  Lastly, Defendants observe that Plaintiff would be working in

17  Sacramento but for the alleged unlawful employment practices.

18  In her opposition, Plaintiff argues that venue is proper in the Northern District of

19  California under Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493 (9th

20  Cir. 2000), which held that, for Title VII employment discrimination claims, "venue is proper

21  in both the forum where the employment decision is made and the forum in which that decision

22  is implemented or its effects are felt."  Passantino, 212 F.3d at 506.  Plaintiff then cites the

23  following in support of her proposition that the "effects" of Defendants' employment decision

24  were felt in this district: (1) Plaintiff currently resides in San Francisco and continues to feel

25  the effects of Defendants' adverse employment practices; (2) Plaintiff negotiated her

26  [2] Plaintiff has submitted a declaration in support of her opposition to Defendants' facial
Rule 12(b)(1) motion. Nevertheless, Plaintiff's declaration simply expands on, but does not
27  change, the allegations in her Complaint, and therefore does not affect this Court's
jurisdictional analysis.
28

employment agreement over the phone from her San Francisco home; (3) Plaintiff's hire letter was sent to her San Francisco home; (4) Plaintiff sometimes traveled for her job, and after would return directly to her home in San Francisco; (5) Plaintiff was supervised by and had frequent discussions with an individual who was based in San Francisco; (6) Plaintiff once worked on a research project at a San Francisco law library; and (7) Plaintiff is aware that attorneys in her Sacramento office sometimes traveled to San Francisco to work on projects.

However, Plaintiff's reliance on an out-of-context quotation from the <u>Passantino</u> decision is misplaced.  In <u>Passantino</u>, the plaintiff brought a failure-to-promote Title VII claim in the U.S. District court for the Western District of Washington, where she worked.  The defendant moved for a change of venue to New Jersey, arguing that the decision not to promote the plaintiff was made in New Jersey.  The Ninth Circuit affirmed the district court's denial of that motion finding that "venue should be found where the effect of the unlawful employment practice is felt: <u>where the plaintiff works</u>, and the decision to engage in that practice is implemented."  <u>Id</u>. at 505 (emphasis added).

In view of those distinguishable facts, <u>Passantino</u> fails to support Plaintiff's argument that venue for her wrongful discharge claim is proper in this district, where Plaintiff lives.  Nor does <u>Passantino</u> support Plaintiff's argument that venue is proper in this district because she had interactions with this district in connection with her job.  Indeed, the <u>Passantino</u> court noted that "[h]ad [plaintiff] been wrongfully discharged or subjected to a hostile work environment, she could have sued in the district in which she worked."  <u>Id</u>.

Accordingly, this Court finds that venue for Plaintiff's Title VII claim is proper in the Eastern District of California, where Plaintiff worked prior to her termination.

## 2.    Transfer of Plaintiff's Title VII Claim to the Eastern District of California Is Appropriate

Because venue is improper in this district for Plaintiff's Title VII claim, this Court may dismiss the claim, or, if it is in the interest of justice, transfer it to any district in which it properly could have been brought.  28 U.S.C. § 1406(a).  The interest of justice generally requires transferring an action brought in an improper venue instead of dismissing it.  <u>See</u>

1  Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962).

2      Defendants argue that Plaintiff's Title VII claim should be dismissed rather than

3  transferred because Plaintiff failed to ask the Court in her Opposition to transfer this matter as

4  an alternative to dismissal.  In support of that argument, Defendants cite Johnson v. Payless

5  Drug Stores Northwest, Inc., 950 F.2d 586 (9th Cir. 1991), which found that dismissal rather

6  than transfer was proper.  That case is distinguishable because, there, the plaintiff expressly

7  informed the court that he refused to pursue his action in the proper venue.  Id. at 588.  In this

8  case, while Plaintiff has argued that venue is proper in this district, she has not indicated she

9  will not pursue this action if it is transferred to the Eastern District.  Defendants' reliance on

10  Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515 (9th Cir. 1983) also fails

11  because in that case dismissal was found proper because the plaintiff "purposefully sought to

12  avoid" prosecution of his case in a different jurisdiction "through blatant forum shopping."  Id.

13  at 1523.  Here, there is no indication that Plaintiff is forum shopping or otherwise acting in bad

14  faith in pursuing her action in this district.

15      In sum, it would be in the interests of justice to transfer the Title VII claim to the

16  Eastern District of California.

17      **B.    DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S REMAINING CLAIMS**

18      Defendants have moved to dismiss Plaintiff's remaining claims on the ground that Title

19  VII is the exclusive remedy for claims of discrimination and retaliation arising out of federal

20  employment.  Defendants further argue that to the extent any of Plaintiff's claims fall outside

21  of Title VII preemption, they should be dismissed as falling within the scope of the CSRA as

22  they relate to prohibited personnel practices.  Lastly, Defendants argue that Plaintiff's tort

23  claims fail because she has not filed those claims under the FTCA, nor does she allege that she

24  has filed an administrative claim with the government.

25      Plaintiff's remaining claims are: (1) non-Title VII claims for unlawful discrimination

26  based on retaliation, brought under 42 U.S.C. § 1981, California Labor Code § 1102.5,

27  California Government Code § 12940(h), and 29 C.F.R. § 1614 (first claim); (2) unlawful

28  interference with attorney ethics rules (second claim); (3) violation of due process (third

claim); (4) tortious discharge contrary to fundamental public policy (fourth claim); (5) breach of implied covenant of good faith and fair dealing (fifth claim); (6) fraud (sixth claim); and (7) intentional interference with contractual relations (seventh claim).

### 1.    Claims One, Two, Three, Four, Five, and Seven Are Preempted by Title VII

It is well settled that Title VII is the exclusive remedy for claims of discrimination and retaliation arising out of federal employment.  See Brown v. GSA, 425 U.S. 820, 829 (1976) (stating that Title VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination.");  see also Phelps v. U.S. General Services Agency, 2008 WL 4287941, 2 (N.D. Cal. 2008) ("Title VII is the exclusive remedy for all acts of discrimination by the federal government, whether the alleged discrimination is based on race, religion, sex, national origin, or retaliation.").  However, Title VII does not preclude separate remedies for "highly personal violation[s] beyond the meaning of 'discrimination.'" Otto v. Heckler, 781 F.2d 754, 757 (9th Cir. 1986); see also Brock v. United States, 64 F.3d 1421, 1423 (9th Cir. 1995) (concluding that plaintiff's rape and sexual assault claims were highly personal and, therefore, that Title VII was not the plaintiff's exclusive remedy). Moreover, a cause of action "for unconstitutional actions other than employment discrimination, even if arising from the same core of facts, is not barred by Title VII."  Arnold v. Postal Service, 816 F.2d 1306, 1311 (9th Cir. 1987).

Applying those principles here, Plaintiff's non-Title VII claims for unlawful discrimination based on retaliation, brought under 42 U.S.C. § 1981, California Labor Code § 1102.5, California Government Code § 12940(h), and 29 C.F.R. § 1614, are preempted by Title VII because they exclusively seek redress for unlawful discrimination and/or retaliation. (Complaint, ¶¶ 27-31.)  Plaintiff's claim for unlawful interference with attorney ethics rules (second claim) is also preempted by Title VII because that claim is premised on "Defendant Korman's retaliation for Plaintiff having complied with her ethical bar duties" to "report violations of law to her supervisor, to prevent Plaintiff from disclaiming bar membership in state bars of which she is not a member and to prevent Plaintiff from reporting such attempts

by Defendant Korman ….”  (Id., ¶¶ 33-34.)  Title VII also precludes Plaintiff's claim for violation of due process (third claim), as that claim is based on allegations that she was not treated fairly during the EEO process surrounding her claims of discrimination and reprisal.  (Id., ¶¶ 36-37.)

Likewise, Plaintiff's claim for tortious discharge contrary to fundamental public policy (fourth claim) relies exclusively on allegations that Defendants failed to comply with “policies of not retaliating against an employee for having reported race discrimination and sexual harassment ….”  (Id., ¶¶ 39-40.)  Thus, Plaintiff's fourth claim is also preempted by Title VII.  Plaintiff's claim for breach of implied covenant of good faith and fair dealing (fifth claim) is based on Defendants' termination of Plaintiff “for trivial (and fabricated) reasons”; Plaintiff describes throughout her Complaint that the reasons given for her termination were pretext for discrimination and retaliation.  (Id., ¶ 1, 42.)  Therefore, Title VII preempts Plaintiff's fifth claim.  Lastly, Plaintiff's intentional interference with contractual relations claim (seventh claim) alleges problems in obtaining future employment because Korman “told third parties that Plaintiff was terminated for ‘conduct’ reasons,” and his “fabricated trivial and vague ‘conduct’ allegations have impugned Plaintiff's integrity and prevented her from finding employment ….”  (Id., ¶¶ 49-50.)  Plaintiff further asserts that those “false statement of ‘conduct’ problems [were] fabricated to deflect from the racism, harassment and substandard legal work in the Sacramento Corps Legal Department.”  (Id., ¶ 50.)  As this claim is premised on alleged retaliation and discrimination by her employer, this claim is preempted by Title VII.

However, Plaintiff's claim for fraud (sixth claim) is not preempted by Title VII.  This claim is not based on employment discrimination; rather, it is based on highly personalized interactions with her former employer that are unrelated to any assertion of discrimination.  (Id., ¶¶ 41-50.)  Specifically, Plaintiff alleges by her fraud claim that her supervisor Korman “impliedly misrepresented that he would uphold the law, investigate violations of the law reported to him . . . and comply with ethics rules ….,” and that he “represented to Plaintiff during her second interview that he would provide adequate orientation and training, but he did not intend to do so.”  (Id., ¶¶ 45-46.)

In opposing Defendants' preemption argument, Plaintiff recognizes that "[w]ith routine federal employee terminations, most federal employees' claims related to discrimination are funneled through these statutorily established 'internal administrative procedures' …." (Plf.'s Opp. at 8.)  She argues that, regardless, Title VII preemption should not apply because Defendants ignored their own procedures "to ensure that due process has been observed."  (Id. at 8-9.)  Yet Plaintiff provides no authority to support her argument that well established principles of preemption should be disregarded in this case.

Having found that Plaintiff's fraud claim is not preempted by Title VII, the Court next considers whether it should be dismissed as falling within the scope of the CSRA or FTCA.

## 2.     Plaintiff's Fraud Claim (Claim Six) Is Covered by the FTCA

As indicated, Defendants also argue that Plaintiff's non-Title VII claims should be dismissed as falling within the scope of the CSRA because they relate to prohibited personnel practices, or should be dismissed as falling under the FTCA.

By way of background, the CSRA creates a "remedial scheme through which federal employees can challenge their supervisors' 'prohibited personnel practices.'"  Orsay v. U.S. Dep't of Justice, 289 F.3d 1125, 1128 (9th Cir. 2002) (quoting 5 U.S.C. § 2302).  "Prohibited personnel practices" are specifically defined in 5 U.S.C. § 2302(b), and include the taking, or the failure to take, "personnel actions" on prohibited grounds.[3]  If the challenged conduct "falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are [the employee's] only remedy."  Mangano v. U.S., 529 F.3d 1243, 1246 (9th Cir. 2008) (quoting Orsay, 289 F.3d at 1128).  "The CSRA's remedial scheme is both exclusive and preemptive because 'permit[ting] FTCA claims to supplant the CSRA's remedial scheme' would defeat Congress' purpose of creating 'a single system of procedures and remedies, subject to judicial review.'"  Id.  (quoting Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991)).

---

[3] "Personnel actions" are defined to include, for instance, an appointment, promotion, disciplinary action, and a "decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation …."  See 5 U.S.C. § 2302(a)(2).

Defendants argue that Plaintiff's fraud claim falls under the CSRA because it alleges "prohibited personnel practices," which include retaliation against whistleblowers, *i.e.*, taking a personnel action against an employee because the employee has disclosed information the employee reasonably believes evidences a violation of any law, rule, or regulation, or because the employee has refused to obey an order that would require the employee to violate the law. See 5 U.S.C. §§ 2302(b)(8) and (9).  However, a close examination of Plaintiff's fraud claim reveals that she does not assert retaliation with that claim.  Rather, she alleges that Korman "impliedly misrepresented that he would uphold the law, investigate violations of the law reported to him . . . and comply with ethics rules …."  Those allegations do not describe any retaliatory personnel action against Plaintiff.

Moreover, Plaintiff's allegation that Korman failed to provide her adequate orientation and training cannot be considered a "personnel action" within the meaning of 5 U.S.C. § 2302(a)(2) (see footnote 3, supra) because Plaintiff does not allege that the failure to train was the result of any "prohibited personnel practice" defined in 5 U.S.C. § 2302(b).  For instance, she does not allege that Korman failed to train her as retaliation for her whistleblowing activities.  See 5 U.S.C. §§ 2302(b)(8) and (9).  Accordingly, Defendants have failed to show that Plaintiff's fraud claim is covered by the CSRA.

However, Defendants are correct in arguing that Plaintiff's fraud claim fails because the FTCA is the exclusive remedy for torts committed by federal agencies and federal employees acting within the scope of their duties.  See 28 U.S.C. §§ 2679(a), 2679(b)(1); United States v. Smith, 499 U.S. 160, 163 (1991).  Plaintiff does not allege in her Complaint that she filed her action under the FTCA or that she filed an administrative claim with the government. Therefore, her fraud claim must be dismissed.

## IV.  **CONCLUSION**

For the above stated reasons, Defendants' Motion to Dismiss is GRANTED-IN-PART and DENIED-IN-PART as follows:

///

///

1.     The following of Plaintiff's claims are DISMISSED:  (a) non-Title VII claims for unlawful discrimination based on retaliation, brought under 42 U.S.C. § 1981, California Labor Code § 1102.5, California Government Code § 12940(h), and 29 C.F.R. § 1614 (first claim); (b) unlawful interference with attorney ethics rules (second claim); (c) violation of due process (third claim); (d) tortious discharge contrary to fundamental public policy (fourth claim); (e) breach of implied covenant of good faith and fair dealing (fifth claim); (f) fraud (sixth claim); and (g) intentional interference with contractual relations (seventh claim).

2.      Defendants' motion to dismiss Defendant Carl Korman is DENIED.

3.     The Clerk shall TRANSFER the instant action to the U.S. District Court, Eastern District of California.

4.     This Order terminates Docket No. 17.

IT IS SO ORDERED.

Dated: 9/3/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EVELYN DAVIDSON,

        Plaintiff,

  v.

CARL E. KORMAN et al,

        Defendant.

_____/

                                 Case Number: CV09-01695 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Evelyn Davidson
3124 Sacramento Street
San Francisco, CA 94115

Dated: September 8, 2010

                                Richard W. Wieking, Clerk

                                By: LISA R CLARK, Deputy Clerk