IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVELYN DAVIDSON,

      Plaintiff,                        CIV. NO. S-10-2502 FCD GGH PS

   vs.

CARL E. KORMAN, et al.,

      Defendants.                ORDER

_____/

        Presently scheduled on this court's law and motion calendar for July 14, 2011, is defendants' motion to dismiss for failure to prosecute, filed May 24, 2011.  On June 6, 2011, plaintiff filed an interlocutory appeal to the Ninth Circuit, purporting to appeal a final judgment, but in fact appealing the district court's order granting defendants' motion for judgment on the pleadings and permitting plaintiff to file an amended complaint. (Docket # 81, 79.)  Plaintiff has now filed a document styled, "request to confirm divesting of Eastern District Court's jurisdiction due to plaintiff's appeal to the Ninth Circuit."

        Despite plaintiff's filing of an interlocutory appeal, the district court retains jurisdiction because this circuit has long recognized an exception to the general rule—that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters—when the appeal is taken from a non-final order or judgment.  Estate of Connors v. O'Connor, 6 F.3d 656,

1

658 (9th Cir. 1993) and cases cited therein.  Dismissals with leave to amend are not final orders and are not appealable.  The Ninth Circuit has held that "a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint.  A further district court determination must be obtained." WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).  "Unless a plaintiff files in writing a notice of intent not to file an amended complaint, [a dismissal order with leave to amend] is not an appealable final decision." Lopez v. City of Needles, 95 F.3d 20, 22 (9th Cir.1996).  Of course, granting of a motion for judgment on the pleadings with leave to amend places plaintiff in a procedurally identical position as a plaintiff whose complaint has been dismissed with leave to amend.  As the order at issue was not final or appealable, the appeal was based on this unappealable order, and therefore the district court retains jurisdiction to proceed.

The undersigned has reviewed the motion to dismiss for failure to prosecute and finds that a hearing is unnecessary.  The motion will be taken under submission without a hearing after the time has passed for plaintiff to file an opposition.  As plaintiff's opposition is due to be filed by June 30, 2011, and she may have been under a mistaken view of the law in regard to circumstances in which a district court is divested of jurisdiction, she will be given an extension of time in which to file an opposition.  In lieu of an opposition, plaintiff may file an amended complaint.

Accordingly, IT IS ORDERED that:

1. Plaintiff's "request to confirm divesting of Eastern District Court's jurisdiction due to plaintiff's appeal to the Ninth Circuit," filed June 27, 2011, (dkt. # 84), is denied.

2. The July 14, 2011, hearing on defendants' motion to dismiss for failure to prosecute, filed May 24, 2011, is vacated.

3. Plaintiff shall file an opposition to the motion to dismiss, or an amended complaint, within fourteen (14) days of this order.  Failure to comply with this order will result in a recommendation that the action be dismissed.  Defendants' motion to dismiss shall be taken

1  under submission after the time has passed for plaintiff to file an opposition or amended
2  complaint.
3  DATED: June 30, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Davidson2502.app

3